# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NGUYEN, DIEP | § | Case No. 13-38188 |
| NGUYEN, TAMMY | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                  $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $ _____ as interim compensation and now requests a sum of $ _____ , for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____ , and now requests reimbursement for expenses of $ _____ , for total expenses of $ _____ [2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/BARRY A. CHATZ_____
                                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | | |
|---|---|---|
| Case No: 13-38188   TAB   Judge: TIMOTHY A. BARNES | Trustee Name: | BARRY A. CHATZ |
| Case Name: NGUYEN, DIEP | Date Filed (f) or Converted (c): | 09/28/13 (f) |
| NGUYEN, TAMMY | 341(a) Meeting Date: | 11/15/13 |
| For Period Ending: 09/10/14 | Claims Bar Date: | 02/19/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. PREFERENCE SETTLEMENT (u) | 0.00 | 500.00 | | 500.00 | FA |
| PREFERENCE SETTLEMENT WITH BARCLAYS BANK | | | | | |
| 2. PREFERENCE SETTLEMENT (u) | 0.00 | 4,000.00 | | 4,000.00 | FA |
| PREFERENCE SETTLEMENT WITH CHASE BANK | | | | | |
| 3. REAL PROPERTY | 380,000.00 | 0.00 | | 0.00 | FA |
| 1712 CHARLES DRIVE, WHEELING, IL | | | | | |
| 4. CASH ON HAND | 10.00 | 0.00 | | 0.00 | FA |
| IN DEBTORS' POSSESSION | | | | | |
| 5. BANK ACCOUNTS | 200.00 | 0.00 | | 0.00 | FA |
| CHECKING ACCOUNT | | | | | |
| 6. HOUSEHOLD GOODS | 1,500.00 | 0.00 | | 0.00 | FA |
| IN DEBTORS' POSSESSION | | | | | |
| 7. CLOTHING | 500.00 | 0.00 | | 0.00 | FA |
| IN DEBTORS' POSSESSION | | | | | |
| 8. GUNS, SPORT, HOBBY | 150.00 | 0.00 | | 0.00 | FA |
| IN DEBTORS' POSSESSION | | | | | |
| 9. INTERESTS IN EDUCATION IRA | 46,000.00 | 0.00 | | 0.00 | FA |
| 529 TUITION PLAN - BENEFICIARY IS DEBTORS' SON | | | | | |
| 10. INTERESTS IN EDUCATION IRA | 48,000.00 | 0.00 | | 0.00 | FA |
| 529 TUITION PLAN - BENEFICIARY IS DEBTORS' DAUGHTER | | | | | |
| 11. RETIREMENT PLANS | 97,650.00 | 0.00 | | 0.00 | FA |
| JOHN HANCOCK 401(K) ACCOUNT | | | | | |
| 12. RETIREMENT PLANS | 51,839.00 | 0.00 | | 0.00 | FA |
| HEWITT ASSOCIATES 401(K) ACCOUNT | | | | | |
| 13. RETIREMENT PLANS | 13,889.00 | 0.00 | | 0.00 | FA |
| CHARLES SCHWAB 401(K) ACCOUNT | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 13-38188   TAB   Judge: TIMOTHY A. BARNES | Trustee Name: | BARRY A. CHATZ |
| --- | --- | --- | --- |
| Case Name: | NGUYEN, DIEP | Date Filed (f) or Converted (c): | 09/28/13 (f) |
| | NGUYEN, TAMMY | 341(a) Meeting Date: | 11/15/13 |
| | | Claims Bar Date: | 02/19/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. RETIREMENT PLANS | 65,147.00 | 0.00 | | 0.00 | FA |
| MINUTE CLINIC 401(K) ACCOUNT | | | | | |
| 15. VEHICLES | 6,400.00 | 0.00 | | 0.00 | FA |
| 2009 MAZDA 5 VEHICLE | | | | | |
| 16. VEHICLES | 15,000.00 | 0.00 | | 0.00 | FA |
| 2011 HONDA PILOT VEHICLE | | | | | |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $726,285.00    $4,500.00    $4,500.00    $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

PREPARE TFR

Initial Projected Date of Final Report (TFR): 12/31/14    Current Projected Date of Final Report (TFR): 12/31/14

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 13-38188 | | Trustee Name: | BARRY A. CHATZ |
| --- | --- | --- | --- | --- |
| Case Name: | NGUYEN, DIEP | | Bank Name: | BANK OF NEW YORK MELLON |
| | NGUYEN, TAMMY | | Account Number / CD #: | *******9492  Checking Account |
| Taxpayer ID No: | *******0708 | | | |
| For Period Ending: | 09/10/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/15/14 | 1 | BARCLAYS BANK OPS | PREFERENCE SETTLEMENT | 1241-000 | 500.00 | | 500.00 |
| 04/15/14 | 2 | CHASE BANK USA, N.A. | PREFERENCE SETTLEMENT | 1241-000 | 4,000.00 | | 4,500.00 |
| | | 201 NORTH WALNUT STREET | | | | | |
| | | WILMINGTON, DE 19801 | | | | | |
| 05/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,490.00 |
| 06/06/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,480.00 |
| 07/08/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,470.00 |
| 08/07/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,460.00 |
| 09/08/14 | | BANK OF NEW YORK  MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,450.00 |

|  |  |  |
| --- | --- | --- |
| COLUMN TOTALS | 4,500.00 | 50.00 | 4,450.00 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 4,500.00 | 50.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 4,500.00 | 50.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| Checking Account - ********9492 | 4,500.00 | 50.00 | 4,450.00 |
| | 4,500.00 | 50.00 | 4,450.00 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   4,500.00   50.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: September 10, 2014 |

Case Number: 13-38188  
Debtor Name: NGUYEN, DIEP

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000007 001 2100-00 | BARRY A. CHATZ, CHAPTER 7 TRUSTEE<br>120 SOUTH RIVERSIDE PLAZA<br>SUITE 1200<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $1,190.63 | $1,190.63 |
| 000008 001 3210-00 | GREGORY K. STERN, P.C.<br>53 WEST JACKSON BOULEVARD<br>SUITE 1442<br>CHICAGO, IL 60604 | Administrative | | $0.00 | $2,682.00 | $2,682.00 |
| 000001A 040 5800-00 | ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>P.O. BOX 64338<br>CHICAGO, ILLINOIS 60664-0338 | Priority | | $0.00 | $28,942.11 | $28,942.11 |
| 000001B 070 7100-00 | ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>P.O. BOX 64338<br>CHICAGO, ILLINOIS 60664-0338 | Unsecured | | $0.00 | $3,824.80 | $3,824.80 |
| 000004 070 7100-00 | CAPITAL RECOVERY V, LLC<br>C/O RECOVERY MANAGEMENT SYSTEMS CORPORAT<br>25 SE 2ND AVENUE SUITE 1120<br>MIAMI FL 33131-1605 | Unsecured | | $0.00 | $258.65 | $258.65 |
| 000005 070 7100-00 | CERASTES, LLC<br>C O WEINSTEIN,PINSON AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Unsecured | | $0.00 | $4,829.31 | $4,829.31 |
| 000006 070 7100-00 | PARKWAY BANK AND TRUST COMPANY<br>C/O SHERYL A. FYOCK/HOLLY CARTO<br>LATIMER LEVAY FYOCK LLC<br>55 W. MONROE, SUITE 1100<br>CHICAGO, IL 60603 | Unsecured | | $0.00 | $1,577,367.19 | $1,577,367.19 |
| 000002 050 4220-00 | WORLD FUEL SERVICES, INC. D/B/A TEXOR PETROLEUM CO<br>C/O JOHN J. CONWAY<br>SULLIVAN HINCKS & CONWAY<br>120 WEST 22ND STREET, SUITE 100<br>OAK BROOK, IL 60523 | Secured | | $0.00 | $151,837.37 | $151,837.37 |

Page 2

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: September 10, 2014

Case Number: 13-38188
Debtor Name: NGUYEN, DIEP

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000003 050 4210-00 | AMERICAN HONDA FINANCE CORPORATION NATIONAL BANKRUPTCY CENTER P.O. BOX 168088 IRVING, TX 75016-8088 866-716-6441 | Secured | | $0.00 | $12,712.81 | $12,712.81 |
| | Case Totals: | | | $0.00 | $1,783,644.87 | $1,783,644.87 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-38188
Case Name: NGUYEN, DIEP
                 NGUYEN, TAMMY
Trustee Name: BARRY A. CHATZ

Balance on hand          $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000002 | WORLD FUEL SERVICES, INC. D/B/A TEXOR | $ | $ | $ | $ |
| 000003 | AMERICAN HONDA FINANCE CORPORATION | $ | $ | $ | $ |

Total to be paid to secured creditors      $_____

Remaining Balance      $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ | $ | $ |
| Trustee Expenses: BARRY A. CHATZ | $ | $ | $ |
| Attorney for Trustee Fees: GREGORY K. STERN, P.C. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance      $_____

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $             must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | ILLINOIS DEPARTMENT OF REVENUE | $ | $ | $ |

Total to be paid to priority creditors           $_____

Remaining Balance                                $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $             have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | CAPITAL RECOVERY V, LLC | $ | $ | $ |
| 000005 | CERASTES, LLC | $ | $ | $ |
| 000006 | PARKWAY BANK AND TRUST COMPANY | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001B | ILLINOIS DEPARTMENT OF REVENUE | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance                                              $_____


Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE